IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CAITENG LI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-01283 (AJT-WBP) |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court is Petitioner Caiteng Li's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on May 13, 2026.

Petitioner is a native and citizen of China, who entered the United States without inspection in or around 2019. *Id.* ¶¶ 21–22. Following his entry to the United States, Petitioner was apprehended by U.S. Customs and Border Protection and served with a Notice to Appear (Form I-862), placing him in removal proceedings. *Id.* ¶ 22. Petitioner was initially held at an immigration detention facility in the Chicago, Illinois area for approximately one month before being released in or around September 2019. *Id.* Thereafter, on January 27, 2026, Petitioner was granted asylum by an Immigration Judge, which DHS appealed and remains pending before the Board of Immigration Appeals. *Id.* ¶ 23. Petitioner has pending misdemeanor and criminal felony charges unrelated to the present Petition that are scheduled for a court hearing in Virginia state court on June 12, 2026. *Id.* ¶ 26. On August 26, 2025, Petitioner was taken into immigration custody and transported to Farmville Detention Center, where he remains detained without opportunity to post bond. *Id.* ¶¶ 26–30.

On May 21, 2026, in response to a Court order, Respondents submitted that the factual and

legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 5]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is GRANTED, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are ENJOINED from denying Petitioner's release on bond, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to forward a copy of this Order to counsel of record and to terminate the case.

May 26, 2026
Alexandria, Virginia

Anthony J. Trenga
Senior United States District Judge

2